**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

United States District Court
Southern District of Texas
ENTERED

**AUG 2 6 2005**

| | |
|---|---|
| ZELLA KROFT, AS NEXT FRIEND § | Michael N. Milby, Clerk of Court |
| OF LAURA PEREZ, A MINOR AND § | |
| MARIA PEREZ, A MINOR § | |
| § | |
| vs. § | CIVIL ACTION NO. C-04-208 |
| § | |
| BRIGGS & STRATTON, § | |
| CORPORATION AND § | |
| CARTER BROTHERS § | |
| MANUFACTURING COMPANY, INC. § | |

**FINAL JUDGMENT**

On the 17th day of May, 2005, the above-numbered and styled cause came on to be heard, and the Minor Plaintiffs, Laura Perez and Maria Elena Perez who appeared in person, and by Next Friend, Zella Kroft (both of which are referred to as the "Minor Plaintiffs") and each appeared also by Guardian Ad Litem, Brian Charles Miller and Christopher McJunkin respectively, who had previously been appointed by the Court, and Defendants Carter Brothers Manufacturing Company, Inc. appeared by attorney of record, and, a jury having been waived, all matters of fact as well as of law were submitted to the Court, and the Court was informed that this lawsuit, so as it concerns the Minor Plaintiffs, has been compromised and settled by agreement which is in full and final satisfaction of said Plaintiffs' causes of action, and of any and all future claims, demands and expenses whatsoever that might accrue to the Minor Plaintiffs or to others by virtue of the injuries and damages to the Minor Plaintiffs occurring on the date and occasions set forth in Plaintiffs' Original Petition or any amended or supplemental petitions or complaints, and that said agreement was to the effect that the Minor Plaintiffs herein should recover from Defendant.

Therefore, the Court finds the following facts:

1. Zella Kroft is the natural mother of Laura Perez and Maria Elena Perez;

2. Jesus Perez is the natural father of Laura Perez and Maria Elena Perez;

3. Zella Kroft and Jesus Perez were married, but divorced;

4. Subsequent to her divorce from Jesus Perez, Zella Kroft married Walter Kroft;

Page 1 of 9

5.      Walter Kroft is the step-father of Laura Perez and Maria Elena Perez;

6.      The incident which forms the basis of this lawsuit occurred on February 21, 2002;

7.      Laura Perez and Maria Elena Perez were riding a fun-kart manufactured by Defendant Carter Brothers Manufacturing Company, Inc. on the date and time of the incident which forms the basis of this lawsuit;

8.      At the time of the incident, Laura Perez was not wearing a helmet or safety equipment to protect her hair which became entangled in the rotating parts of the fun-kart in question resulting in a traumatic removal of a portion of the scalp of Laura Perez;

9.      The incident which forms the basis of this lawsuit was witnessed by Maria Elena Perez. The incident was not witnessed by Zella Kroft, Walter Kroft, or Jesus Perez;

10.     The Minor Laura Perez received surgical and psychological treatment as a result of the incident which forms the basis of this lawsuit;

11.     There is no evidence of lost wages or loss of earning capacity on the part of Laura Perez, Maria Elena Perez, Walter Kroft, or Jesus Perez;

12.     Considering the potential risks of litigation, the parties have waived their right to a jury trial and agreed to resolve all issues relative to this matter for a combined total amount of $1,200,000.00;

13.     The resolution includes $1,100,000.00 to be paid to or on behalf of the minor Laura Perez and $100,000.00 to be paid to or on behalf of the minor Maria Elena Perez;

14.     The attorney fee contract between Zella Kroft as next friend of Laura Perez and Maria Elena Perez was for a fee equivalent to the payment of expenses and 40% of any recovery, but was compromised and reduced by Plaintiff's counsel to the payment of expenses and up to 38 ½% of any recovery; such fees have been compromised and reduced further to $450,000 (37½%);

15.     The attorneys' fees attributable to the claim of Laura Perez amount to $412,500.00 (11/12 x $450,000.00) and the attorneys' fees attributable to the claim of Maria Elena Perez amount to $37,500.00 (1/12 x $450,000.00);

16.     The expenses incurred by or on behalf of Plaintiff Zella Kroft as next friend of Laura Perez and Maria Elena Perez are expected to amount to no more than $55,000.00, with 11/12 of the expenses (up to $50,418.50 in total) attributable to the claim of Laura Perez and 1/12 of the

expenses (up to $4,583.33 in total) attributable to the claim of Maria Elena Perez.  If within ninety (90) days from the date of this Order, no additional expenses have been incurred, come due or been discovered by counsel for Plaintiff, 11/12 of the difference between the amount ordered herein and the actual expenses incurred shall be paid into a Trust to be described herein for the benefit of the minor Laura Perez; and 1/12 shall be paid to Zella Kroft for the sole benefit of Maria Elena Perez.

17.     $8,000.00 will be paid to Zella Kroft for the purpose of repairs to the house owned by her and in which Laura Perez and Maria Elena Perez are living, school supplies, clothing, and other essential needs during the remainder of their minority; these repairs are to benefit the minors to improve their living conditions during the remainder of their minority and shall not relieve the parents of Laura Perez and Maria Elena Perez of any obligation of support; $4,000.00 of this $8,000.00 payment shall come from each child's portion of the settlement payment, and each minor shall receive equal benefit from the spending of these funds.

18.     The Plaintiff has established a trust with Frost Bank as Trustee for the benefit of the minor Laura Perez in the amount of $239,098.03; this trust will be for the health, education, maintenance, and support of Laura Perez;

19.     The Plaintiff has contracted to establish one or more annuities for the benefit of Laura Perez to be funded by the payment to Metropolitan Life Insurance Company in the sum of $365,000.00;

20.      The Plaintiff has contracted to establish one or more annuities for the benefit of Maria Elena Perez to be funded by the payment to Metropolitan Life Insurance Company in the sum of $53,916.67;

21.     Attorney Brian Charles Miller has been appointed as Guardian Ad Litem for the minor Laura Perez while attorney Christopher McJunkin has been appointed as Guardian Ad Litem for the minor Maria Elena Perez;

22.     The Guardian Ad Litem for Laura Perez has reported to the Court that the settlement as described to the Court is in the best interests of the Minor Laura Perez;

23.     The Guardian Ad Litem for Maria Elena Perez has reported to the Court that the settlement as described to the Court is in the best interests of the Minor Maria Elena Perez;

24.     The Court further finds the Next Friend Zella Kroft (for Laura Perez and Maria Elena Perez) to be fit and proper to act in such capacity for the Minor Plaintiffs;

25.     Zella Kroft, Walter Kroft and/or Jesus Perez have not asserted any claims arising out of the incident made the basis of this suit and are not entitled to any portion of the settlement proceeds, except that Zella Kroft may accept the $8,000.00 payment described above for the sole use and benefit of the children;

         THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED as follows:

26.     The Defendant is ordered to pay as a part of the settlement, a cash payment of FIVE HUNDRED FIVE THOUSAND ($505,000.00) to ZELLA KROFT, Individually and her counsel of record, Snapka, Turman & Waterhouse, LLP in payment for attorneys' fees and expenses related to the case.  Plaintiff and Plaintiff's counsel are wholly and totally responsible for the payment of any and all medical liens, fees and expenses incurred by or on behalf of the minor Plaintiffs, including but not limited to any lien currently held by Tricare, Champus and/or the United States Navy arising out of the accident which formed the basis of this lawsuit.

27.     From the monies being paid by Defendant herein, the Plaintiff is ordered to purchase annuities for the benefit of the minors Laura Perez and Maria Elena Perez with the following parameters:

         A.     Future periodic payments (having a total present cash value of $365,000.00) on the dates and in the amounts indicated hereafter:

         Payee:  Laura Perez
         Beginning 07/29/09, ($1109.00) per month for 40 years certain and life thereafter (480 guaranteed payments) and payments increase by 3.0% every 1 year;

         Payee:  Laura Perez
         Beginning 07/29/10, ($4516.00) annually for 5 years certain only (5 guaranteed payments);

         B.     Future periodic payments (having a present cash value of $53,916.67) on the dates and in the amounts indicated hereafter:

         Payee:  Maria Elena Perez
         Beginning 07/01/08, ($6505.00) on July 1st and December 1st each year for 5 years certain only (10 guaranteed payments);

D.    Assignment:  The obligation to make the periodic payments to Laura Perez and Maria Elena Perez described herein may be assigned to MetLife Tower Resources Group, Inc. and funded by an annuity contract issued by Metropolitan Life Insurance Company.

F.    Beneficiary:  Any payments to Laura Perez to be made after the death of Laura Perez shall be made to Zella Kroft.  Upon reaching the age of majority, Laura Perez may submit a change to this beneficiary designation to the Assignee.   No such revocation shall be effective unless it is in writing and delivered to the Assignee.   The designation must be in a form acceptable to the Assignee, but in no event shall the request of the Payee be unreasonably withheld or denied.

Any payments to Maria Elena Perez be made after the death of Maria Elena Perez shall be made to Zella Kroft.  Upon reaching the age of majority, Maria Elena Perez may submit a change to this beneficiary designation to the Assignee.   No such revocation shall be effective unless it is in writing and delivered to the Assignee.   The designation must be in a form acceptable to the Assignee, but in no event shall the request of the Payee be unreasonably withheld or denied.

28.    Further, the Court orders that the Plaintiff, from the monies being paid by the Defendant herein, create a Medical Trust with Frost Bank acting as the Trustee with Two Hundred Thirty-Nine Thousand Ninety-Eight Dollars and Three Cents ($239,098.03) as recommended by the Guardian Ad Litem for the Minor Laura Perez for the payment of the medical bills and expenses incurred on behalf of the Minor Plaintiff Laura Perez, for the payment of future medical bills and expenses of the Minor Plaintiff Laura Perez arising out of the incident which forms the basis of this lawsuit and as otherwise indicated in this order, and for other purposes identified in the trust documents, which are attached hereto as Exhibit "A", are specifically approved by the Court, and incorporated herein by reference;

29.    Further, the Court orders and directs the Trust to immediately release upon request up to $25,000.00 for the purchase of a vehicle to be owned and/or controlled by the Laura Perez Trust for the use by and benefit of the minor Laura Perez;

30.    Further, the Court orders the Defendant to pay out of the total proceeds of this settlement TWENTY-EIGHT THOUSAND,    NINE HUNDRED    EIGHTY-FIVE    AND 30/100 DOLLARS ($28,985.30) to the U.S. Navy to satisfy a lien for medical expenses incurred on

behalf of Laura Perez, a Minor arising from the accident which forms the basis of this lawsuit.

31.     Further, the Court orders the Defendant to pay out of the total proceeds of this settlement EIGHT THOUSAND DOLLARS ($8,000.00) to Zella Kroft for the purpose of repairs to the house in which Laura Perez and Maria Elena Perez are living (provided that they are still living in that house when the money is spent), school supplies, clothing, and other essential needs during their minority, and each minor shall receive equal benefit from the spending of those funds.  No portion of that money may be used for any other purpose without approval of the Court, and that money shall not relieve or lessen any obligation of support owed by the parents of Laura Perez and Maria Elena Perez.

32.     And the Court, having heard and considered the evidence and arguments of counsel, the testimony of Plaintiffs concerning the alleged damages and injuries to the Minor Plaintiffs and the alleged liability of Defendant, and the reports of the Guardians Ad Litem is of the opinion and finds said agreement and settlement is fair and reasonable, and that the same should be and is hereby adopted as the Judgment of this Court.

33.     It is, therefore, ORDERED, ADJUDGED AND DECREED by the Court that Zella Kroft, as Next Friend of Laura Perez and Maria Elena Perez have and recover from Defendant, Carter Brothers Manufacturing Company, Inc., cash and periodic payments with a combined present value of ONE MILLION TWO HUNDRED THOUSAND AND NO/100 DOLLARS ($1,200,000.00), in payment for all medical and/or psychiatric expenses, physical pain, mental anguish, loss of earning capacity, loss of consortium, bystander claims, disfigurement, disability, impairment, any all other types of damages which were or could have been alleged herein, including any medical liens, costs of Court, attorney's fees and expenses,  and all of which is apportioned as outlined above.

34.     It is further ORDERED that Brian Charles Miller, Guardian Ad Litem for the Minor Plaintiff Laura Perez, be allowed a fee of THREE THOUSAND AND NO/100 DOLLARS ($3,000.00) for the reasonable and necessary services rendered herein on behalf of the minor Plaintiff Laura Perez.

35.     It is further ORDERED that Christopher McJunkin, Guardian Ad Litem for the Minor Plaintiff Maria Elena Perez, be allowed a fee of ONE THOUSAND AND NO/100 DOLLARS ($1,000.00) for the reasonable and necessary services rendered

herein on behalf of the minor Plaintiff Maria Elena Perez.

36.    It is further **ORDERED** that upon payment by Defendants of the total present value sum of Four Hundred Eighteen Thousand Nine Hundred Sixteen Dollars and Sixty-Seven Cents ($418,916.67), payable to the assignees approved by the Court for the use and benefit of said Minor Plaintiffs, said funds shall be used to purchase annuities for the minor Plaintiffs in accordance with the Judgment and further Orders of this Court.

37.    It is further **ORDERED** that upon compliance with the Judgment entered herein, Defendants be and are hereby relieved and discharged from any and all further liability to Zella Kroft as Next Friend of Laura Perez and Maria Elena Perez for all of Plaintiffs' and/or Minor Plaintiffs' causes of actions, and any and all future claims, demands and expenses whatsoever that might accrue to Plaintiffs or the Minor Plaintiffs or to others by virtue of the injuries and damages to Plaintiffs and Minor Plaintiffs occurring on the date and occasion set forth in Plaintiffs' Third Amended Complaint filed in Federal Court and any other amended or supplemental petition or complaint filed herein, and that no execution shall issue on this Judgment, but the same shall be entered as having been fully satisfied, except for the costs herein, including the Guardian Ad Litem fees, which are taxed against Defendant, Carter Brothers Manufacturing Company, Inc., for which let execution issue if the same be not timely paid.

38.    All other relief not expressly granted herein is hereby denied.

SIGNED this _26 th_ day of _August_, 2005.

JUDGE PRESIDING

**APPROVED AND AGREED:**

**SNAPKA, TURMAN & WATERHOUSE, L.L.P.**
606 North Carancahua,
Suite 1511 (78476)
P.O. Drawer 23017
Corpus Christi, Texas  78403
Telephone:      361-888-7676
Facsimile:      361-884-8545


By:      _____
     Kathryn Snapka
     State Bar No. 18781200
     Greg W. Turman
     State Bar No. 00785123
     Richard B. Waterhouse, Jr.
     State Bar No.00788624
     Craig D. Henderson
     State Bar No. 00784248
     Aditi Anita Shahani
     State Bar No. 24041898
**ATTORNEYS FOR PLAINTIFF**
**ZELLA KROFT, INDIVIDUALLY AND AS**
**NEXT FRIEND OF LAURA PEREZ, A MINOR, AND MARIA ELENA PEREZ, A**
**MINOR**



**APPROVED AND AGREED:**

**HERMANSEN, MCKIBBEN, WOOLSEY & VILLARREAL, LLP**
555 N. Carancahua St., Suite 1100
Corpus Christi, TX 78478
Telephone:      (361) 882-6611
Facsimile:      (361) 883-8353


By: _____
     BRIAN CHARLES MILLER
     State Bar No.24002607
**ATTORNEY and GUARDIAN AD LITEM**
**FOR MINOR LAURA PEREZ**

**LAW OFFICES OF CHRISTOPHER McJUNKIN**
2842 Lawnview Street
Corpus Christi, Texas 78404
Telephone: (361) 882-5747
Facsimile: (361) 882-8926

By: _____
       CHRISTOPHER McJUNKIN
       State Bar No. 13686525
**ATTORNEY and GUARDIAN AD LITEM**
**FOR MINOR MARIA ELENA PEREZ**

**APPROVED AND AGREED:**

**CURNEY, GARCIA, FARMER, PICKERING & HOUSE, P.C.**
411 Heimer Rd
San Antonio, Texas 78232
Telephone;      (210) 377-1990
Facsimile:      (210) 377-1065

By: _____
       JEFFREY G. HOUSE
       State Bar No. 00784295

**ATTORNEYS FOR DEFENDANT**
**CARTER BROTHERS MANUFACTURING COMPANY, INC.**

# LAURA PEREZ MANAGEMENT TRUST

Pursuant to Order of the U.S. District Court of the Southern District of Texas, in Cause No. C-04-208, styled <u>Zella Kroft, as next Friend for Laura Perez, a minor, and Maria Elena Perez, a minor v. Briggs and Stratton Corporation and Carter Brothers Manufacturing Co., Inc.</u>, the LAURA PEREZ MANAGEMENT TRUST is hereby established for the benefit of LAURA PEREZ subject to the following terms and conditions:

## ARTICLE 1

## BENEFICIARY AND DISTRIBUTIONS

**1.1** **Name.** This trust shall be known as the LAURA PEREZ MANAGEMENT TRUST, and LAURA PEREZ is sometimes referred to hereinafter as the "beneficiary" of the trust.

**1.2** **Discretionary Distributions.** During the term of this trust, the trustee shall distribute to or for the benefit of LAURA PEREZ so much of the income and principal of the property held in trust for her benefit as shall be required to provide for her health, maintenance, education and support in reasonable comfort. In making these authorized distributions, the trustee may deplete all trust assets. The trustee's good faith exercise of such discretion shall not be subject to question by any beneficiary, contingent or vested, and the trustee shall not be held liable for the good faith exercise or failure to exercise such discretionary power.

## ARTICLE 2

## TRUSTEE

THE FROST NATIONAL BANK shall serve as trustee of the LAURA PEREZ MANAGEMENT TRUST.

F:\files\Perez.Laura\Trust-05.wpd\mag

# ARTICLE 3

## TERMINATION OF TRUST

**3.1    Termination.** The term of the LAURA PEREZ MANAGEMENT TRUST shall last until and terminate when LAURA PEREZ reaches the age of thirty-five (35) years or upon the death of LAURA PEREZ, whichever shall occur first.

**3.2    Distributions Upon Termination.** Upon the termination of this trust, the trustee shall distribute all of the remaining assets to LAURA PEREZ, if she is then living, but if not, to the personal representative of the Estate of LAURA PEREZ.

# ARTICLE 4

## ADMINISTRATION OF TRUST AND TRUSTEE POWERS

**4.1    Texas Trust Code.** Title 9 of the Property Code of the Revised Civil Statutes of the State of Texas, known as the Texas Trust Code, shall apply to each trust and to its trustee as fully as though its provisions were written into this instrument, except as otherwise provided herein. Should the laws of Texas pertaining to trusts, their administration and their trustees, be hereafter altered in any way, the provisions of each trust shall be governed by such modifications, unless such change shall be inconsistent with the intent of the Court Order as determined by the trustee, in which event the subsequent change shall not apply, and the trust shall be governed by the law as it existed prior to the change.

**4.2    No Bond.** No bond shall be required of any trustee.

**4.3    Distributions to Minors and Incompetents.** The trustee may in its discretion make any authorized distribution of income or principal, regardless of the age or competence of the beneficiary, in kind, by check, in cash, or by depositing funds to the account of the beneficiary in a depository designated by the beneficiary. The trustee may in its discretion make any authorized distribution of income or principal to any person having the care or custody of the beneficiary, to the legal guardian of the beneficiary or of her estate, or by expending funds for the use or benefit of the beneficiary. No trustee shall be accountable or responsible for the application of such payments or other distributions by any of the above-described persons.

2

**4.4    Powers Not Limited.**  None of the powers given the trustee herein is given by way of limitation, and each is supplementary to the powers granted elsewhere in this trust or otherwise by law.

**4.5    Spendthrift.**  Neither the income nor the principal of any trust shall be liable for the debts of any beneficiary nor subject to seizure under any judicial writ or proceeding.  No beneficiary shall have the power to give, grant, sell, assign, transfer, mortgage, pledge, encumber or in any manner anticipate or dispose of his interest in the trust estate or its income, or dispose of any trust property until it has actually been delivered to the trustee in accordance with the terms hereof.

**4.6    Resignation of Trustee.**  The trustee may resign by sending written notice of its resignation to the beneficiary and by filing its resignation in the Deed Records of Nueces County, Texas.

**4.7    Maximum Term.**  Notwithstanding any other provision of this instrument, and in any event, each trust established hereunder shall terminate and all property interests shall vest not later than twenty-one (21) years after the death of LAURA PEREZ.

**4.8    Successor Trustees.**  Any corporate trustee shall be succeeded by its successors, whether constituted such by reason of reorganization, recapitalization, consolidation, merger or otherwise.  Each successor trustee shall serve with the same rights, powers and duties possessed by its predecessor.

**4.9    Third Party Liability.**  No person dealing with the trustee shall be obligated to see to the application of any money or property delivered to the trustee, or to inquire into the trustee's authority with regard to, or the propriety of, any transaction.  The provisions of this paragraph shall not relieve the trustee from liability for any improper or unauthorized act to the extent it would otherwise be liable therefor hereunder.

# ARTICLE 5

# IRREVOCABILITY

The trust established herein shall be in all respects final and irrevocable, and the beneficiary shall not have the power to revoke, alter, modify or amend this instrument

3

or the terms of the trust established herein.  The provisions of Section 112.051 of the Texas Trust Code shall not apply to this instrument or to the trust established herein.

## ARTICLE 6

## MISCELLANEOUS PROVISIONS

**6.1    Beneficiary.**  LAURA PEREZ was born on July 29, 1991, and her social security number is 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.

**6.2    Gender and Number Terms.**  The use in this instrument of the masculine, feminine or neuter genders shall be interpreted to include the other genders, and the use of either the singular or the plural number shall be interpreted to include the other number, unless such an interpretation in a particular case is inconsistent with the general tenor of this instrument.

**6.3    Division and Titles.**  This instrument is divided into articles and sections and titled only for convenience, reference, and ease of comprehension.  Such division and titles shall not govern the interpretation of this instrument nor limit or affect the meaning of any provision hereof.

DATED AND EFFECTIVE _____, 2005.

**THE FROST NATIONAL BANK, Trustee**

**By:**_____
    **Name:**_____
    **Title:**_____

_____

**BRYAN MILLER, Guardian Ad Litem for LAURA PEREZ**

4

THE  STATE  OF  TEXAS          §
                                             §
COUNTY  OF  NUECES          §

     This instrument was acknowledged before me on _____, 2005, by _____, _____ of **THE FROST NATIONAL BANK**, as Trustee.


                                           _____

                                         Notary Public, State of Texas


THE  STATE  OF  TEXAS          §
                                             §
COUNTY  OF  NUECES          §

     This instrument was acknowledged before me on _____, 2005, by **BRYAN MILLER**, as Guardian Ad Litem for LAURA PEREZ.


                                           _____

                                         Notary Public, State of Texas